**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Apr 04 2012, 9:29 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RACHEL ANN RUCH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 57A03-1111-CR-498 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE NOBLE SUPERIOR COURT
The Honorable Robert E. Kirsch, Judge
Cause No. 57D01-1105-FA-17

**April 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Rachel Ann Ruch appeals the sentence imposed upon her convictions of dealing in methamphetamine, a Class B felony, Ind. Code § 35-48-4-1.1 (2006), and possession of paraphernalia, a Class A misdemeanor, Ind. Code § 35-48-4-8.3 (2003).  We affirm.

## ISSUE

Ruch raises one issue, which we restate as:  whether her sentence is inappropriate.

## FACTS AND PROCEDURAL HISTORY

Ruch lived with her boyfriend, Kevin Ballard, in an apartment in Kimmell, Indiana.  On May 1, 2011, officers went to the apartment building to serve an arrest warrant on Ruch.  The officers found Ballard in his apartment and found Ruch hiding in her car in the parking lot.  The police found four bottles being used to make methamphetamine in the car where Ruch was hiding, and a search of Ruch's purse revealed a device used for smoking methamphetamine.  Subsequently, the police obtained a search warrant for Ruch and Ballard's apartment and found paraphernalia associated with the production of methamphetamine.

The State charged Ruch with dealing in methamphetamine within 1000 feet of a family housing complex, a Class A felony, Ind. Code § 35-48-4-1.1; maintaining a common nuisance, a Class D felony, Ind. Code § 35-48-4-13 (2001); possession of methamphetamine, a Class D felony, Ind. Code § 35-48-4-6.1 (2006); and possession of paraphernalia, a Class A misdemeanor, Ind. Code § 35-48-4-8.3.  Ruch pleaded guilty to manufacturing methamphetamine as a Class B felony and possession of paraphernalia.

2

Subsequently, the trial court sentenced Ruch to an aggregate term of fifteen years, with five years suspended to probation. This appeal followed.

DISCUSSION AND DECISION

Ruch's sentencing challenge is governed by Indiana Appellate Rule 7(B), which provides, in relevant part, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In making this determination, we may look to any factors appearing in the record. *Calvert v. State*, 930 N.E.2d 633, 643 (Ind. Ct. App. 2010). A defendant must persuade the appellate court that the sentence meets the inappropriateness standard of review. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

We first look to the statutory ranges established for the classes of the offenses. The statutory range for a Class B felony is between six and twenty years, with the advisory sentence being ten years. Ind. Code § 35-50-2-5 (2005). Furthermore, a defendant convicted of a Class A misdemeanor may not be imprisoned for more than one year. Ind. Code § 35-50-3-2 (1977). Ruch received a sentence of fifteen years for dealing in methamphetamine, with five years suspended to probation. In addition, she was sentenced to one year for possession of paraphernalia, to be served concurrently with her sentence for dealing in methamphetamine.

We next look to the nature of the offenses and the character of the offender. The nature of the offenses is found in the details and circumstances of the commission of the offense and the defendant's participation. *See Treadway v. State*, 924 N.E.2d 621, 642

3

(Ind. 2010) (noting that the defendant's crimes were "horrific and brutal"). The character of the offender is found in what we learn of the offender's life and conduct. *See Lindsey v. State*, 916 N.E.2d 230, 241-42 (Ind. Ct. App. 2009) (reviewing the defendant's criminal history, probation violations, and history of misconduct while incarcerated), *trans. denied*.

Our review here of the nature of the offenses shows that Ruch, together with her boyfriend, manufactured methamphetamine in her apartment and in her car. Manufacturing methamphetamine is a dangerously explosive process. A state trooper testified at Ruch's sentencing that fifteen percent of the methamphetamine labs he has investigated in the past three years have involved fires. Thus, Ruch endangered the other residents of the apartment building.

Our review here of the character of the offender shows that Ruch, who was thirty-three years of age at sentencing, has a lengthy, if not particularly severe, criminal history. Since 2002, Ruch has accumulated one Class D felony conviction for fraud, two Class A misdemeanor convictions for check deception, two class A misdemeanor convictions for conversion, one Class A misdemeanor conviction for contributing to the delinquency of a minor, two Michigan misdemeanor convictions for retail fraud, and one Michigan misdemeanor conviction for larceny. These convictions are different from her current convictions, but they demonstrate that Ruch refuses to follow the law. In addition, Ruch has been placed on probation five times and has had her probation revoked on four occasions.

Ruch argues that she is a methamphetamine addict and that she manufactured the drug for personal use only. The offense to which she pleaded guilty does not differentiate between manufacturing methamphetamine to sell and manufacturing methamphetamine for personal use, so her claim is unavailing. Ruch also argues that a shorter sentence, followed by a longer period of probation, would allow her to get treatment for her addiction. At her sentencing, Ruch conceded that she had previously attended court-ordered drug treatment, but she ultimately abandoned her treatment and returned to using methamphetamine. Given Ruch's prior failure to respond positively to probation and court-ordered drug treatment, it was not unreasonable for the trial court to choose to impose a longer executed sentence. Ruch has failed to persuade us that her enhanced sentence is inappropriate.

CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

ROBB, C.J., and BARNES, J., concur.